ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KELSEY C. DAVIDSON (CABN 322323)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6959
    Fax: (415) 436-7027
    kelsey.davidson@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:23-CR-00352-CRB |
| | ) |
| Plaintiff, | ) STIPULATION AND PROTECTIVE ORDER |
| | ) [PROPOSED] |
| v. | ) |
| | ) |
| NINA JEAN TAFARELLA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

With the agreement of the parties, the Court enters the following Protective Order:

Defendant is charged with 18 U.S.C. § 1343, Wire Fraud. Upon receipt of a discovery request, the United States will produce documents and other materials pertaining to the defendant and the charged offense to defense counsel. The discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual (other than his or her name), including any person's date of birth, social security number, residence address, telephone numbers, email addresses, driver's license number, names of persons who are minors, or criminal histories

1     ("Personal Identifying Information");

2     2. Financial Identifying Information of any individual or business, including bank account
3         numbers, credit or debit card numbers, account passwords, and taxpayer identification numbers
4         ("Financial Identifying Information"); and

5     3. Medical records or other patient information of any individual covered by the Health Insurance
6         Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

7     The United States will identify discovery materials as Protected Information by marking such
8 materials "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or by providing written notice
9 identifying discovery materials as Protected Information. The government shall exercise reasonable care
10 in determining which discovery materials should be designated as Protected Information in order to avoid
11 the over-designation of discovery materials as Protected Information.

12     To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

13     **IT IS HEREBY ORDERED** that defense counsel, their investigators, assistants, employees, and
14 independent contractors (collectively, "the Defense Team") may review with the defendant all discovery
15 material produced by the government, but shall not provide a defendant with copies of, or permit defendant
16 to make copies of, or have unsupervised access to any discovery material produced by the government
17 that contains Protected Information, unless the Protected Information has first been **entirely redacted**
18 from the discovery materials. The government and defense counsel are ordered to work together to ensure
19 that these materials are protected, but that defendant has as much access to the materials as can be provided
20 consistent with this Court's order. Discovery material that clearly pertains to a specific defendant and
21 does not contain Protected Information regarding any other person (*e.g.*, defendant's own bank records,
22 telephone records, and business records) may be provided to that defendant unredacted.

23     The Defense Team may show witnesses Protected Information in the course of preparing a defense
24 for trial or any related proceedings in this case, but only if (i) the witness, by reason of their participation
25 in the underlying events or conduct, would have seen or had reason to know such information, or (ii) it is
26 otherwise relevant to the defense of the case that the Defense Team discuss with or show the witness
27 Protected Information. Witnesses may only view Protected Information in the presence of the Defense
28 Team. No witness or potential witness may retain copies of discovery material that contains Protected

Information after his or her review of those materials with the Defense Team is complete.

Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case. The defendant, all members of the Defense Team, and any experts who receive Protected Information under this Order shall be provided a copy of this Order along with those materials and shall sign and date the order reflecting their agreement to be bound by it.

The Defense Team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by not divulging the contents or permitting anyone to see Protected Information except as set forth in this Protective Order.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that if a party files a pleading that contains or attaches Protected Information subject to this Order, the Protected Information must be filed under seal (accompanied by a request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that after any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, counsel for defendant shall either destroy discovery materials containing Protected Information (including any copies) within 30 days if the defendant consents to such destruction, or retain the Protected Information and ensure that the Protected Information will continue being kept under the conditions specified in this Order. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order. If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.

This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

IT IS SO STIPULATED.                    ISMAIL J. RAMSEY
                                        United States Attorney


Dated: February 1, 2024                    ___/s/_____
                                        KELSEY C. DAVIDSON
                                        Assistant United States Attorney


                                           ___/s/_____
                                        DAVID RIZK
                                        Counsel for Defendant Nina Jean Tafarella


IT IS SO ORDERED.


Dated:                                  _____
                                        CHARLES R. BREYER
                                        United States District Judge

**By signing below, I acknowledge that I have been provided and have reviewed a copy of this Order and hereby agree to be bound by its terms:**

| SIGNATURE | DATE |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |