1  DAVID W. RIZK – CABN # 284376
   RIZK & SHEARER LLP
2  466 Geary Street, Suite 201
   San Francisco, CA 94102
3  Telephone: (415) 517-9044
   Email: drizk@rs-llp.com
4

5
   Counsel for Defendant TAFARELLA
6

7
                  IN THE UNITED STATES DISTRICT COURT
8
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
                          SAN FRANCISCO DIVISION
10

11
   UNITED STATES OF AMERICA,            Case No.: CR 23–352 CRB
12
                  Plaintiff,
13                                       **MOTION AND [PROPOSED] ORDER
            v.                           TO CONTINUE SENTENCING
14                                       DEADLINES**
   NINA TAFARELLA,
15

16                Defendant.

17

18      The defense brings this motion to continue sentencing and sentencing-related deadlines,

19 including specifically the deadline to object to the Presentence Report (PSR) under Federal

20 Rule of Criminal Procedure 32(f)(1). The reason is that on Tuesday August 20, 2025, the day

21 before objections to the PSR were due to the probation officer under the Rules, Ms. Tafarella

22 raised with undersigned counsel for the first time certain concerns and objections regarding the

23 loss amount and restitution calculations set forth in the PSR that would potentially significantly

24 impact those figures and even potentially alter the Guidelines. Ms. Tafarella requested

25 additional time to review discovery to resolve those matters.

26

27

28

Undersigned defense counsel therefore contacted the assigned probation officer and government counsel to request a brief extension of time to submit objections.[1] In response, the probation officer informed that she would be able to accept objections until Monday, August 25, 2025, in order to include them in the final report that is otherwise due today, August 27, 2025. Defense counsel promised to endeavor to provide all objections by Monday, as proposed, but has been unable to reach Ms. Tafarella in the last two business days since providing her access to her bank records. Ms. Tafarella is typically responsive but also maintains full-time employment and has a child; as far as counsel is aware, she is in compliance with all her bail conditions.

Accordingly, the defense respectfully requests a continuance to enable Ms. Tafarella to provide counsel with a complete explanation of any objections she may have related to the loss calculation and restitution in the PSR. Counsel reached out to government counsel about a future sentencing date that would work for any victims that wish to appear but has not heard back from counsel yet about dates. Accordingly, counsel respectfully requests a continuance of approximately 30 days.[2] The defense is not aware of any prejudice to the government or the victims from such a limited delay.

The defense anticipates the government may point out that Ms. Tafarella has generally had access to discovery for over a year and received informal notice of the government's estimated loss amount in approximately July 2024. That is true; however, Ms. Tafarella's memory of the relevant events is not good and in the intervening time since 2021-2022, Ms. Tafarella has been through quite a lot. In just the last year, while this case has been pending,

---

[1] Ms. Tafarella also requested direct access to her bank records, which had been produced by the government under the terms of a restrictive protective order. The government consented to her direct access to those bank record, and it was provided to Ms. Tafarella by undersigned counsel on Friday, August 23, 2025.

[2] In other circumstances, where the potential objections were relatively discrete and minor, counsel would consider simply reserving such objection to the sentencing hearing for the Court's consideration, but here Ms. Tafarella's stated concerns are sufficiently central to the loss involved, that counsel believes a short continuance is warranted instead; otherwise, counsel fears, without this matter resolved it is quite possible that briefing could be delayed or impacted.

MOTION TO CONTINUE AND [PROPOSED] ORDER
*TAFARELLA*, CR 23–352 CRB

she has had to contend with homelessness and a psychiatric hospitalization. When reviewing the draft PSR, it occurred to Ms. Tafarella for the first time that there may be a problem with the loss calculations that were sponsored by the government and adopted by probation in relation to one of the three victims. It is of course important, not only to Ms. Tafarella, but also to the government, the Court, and the victims, to calculate correctly restitution and the loss amount under U.S.S.G. § 2B1.1 for sentencing. A brief continuance therefore advances the interests of justice as the defense endeavors to address this issue with Ms. Tafarella.

| | |
|---|---|
| August 27, 2025<br>Dated | RIZK & SHEARER LLP<br><br>_____/S_____<br>DAVID W. RIZK<br>Counsel for Ms. Tafarella |

### [PROPOSED] ORDER

Good cause appearing, the motion is GRANTED. The sentencing hearing on September 10, 2025, as well as associated deadlines, are VACATED, and the parties are directed to select a new date in consultation with the Court's courtroom deputy.

IT IS SO ORDERED.

| | |
|---|---|
| _____<br>Dated | CHARLES R. BREYER<br>Senior United States District Judge |